**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| BT WEARABLES LLC,<br>*Plaintiff*,<br>v.<br>XIAOMI CORPORATION, BEIJING XIAOMI MOBILE SOFTWARE CO., LTD., XIAOMI COMMUNICATIONS CO., LTD., XIAOMI INC., and XIAOMI H.K. LIMITED,<br>*Defendants*. | CIVIL ACTION NO. 2:26-cv-00919<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff BT Wearables LLC ("BT Wearables" or "Plaintiff") files this Complaint against Defendants Xiaomi Corporation, Beijing Xiaomi Mobile Software Co., Ltd., Xiaomi Communications Co., Ltd., Xiaomi Inc., and Xiaomi H.K. Limited (collectively, "Xiaomi" or "Defendants") alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

**NATURE OF THE ACTION**

1. This is a patent infringement action against Xiaomi for infringement of the following United States Patents (the "Asserted Patents") issued by the United States Patent and Trademark Office ("USPTO"), copies of which are available as provided below.

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| 1 | 10,610,111 | Smart Watch | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10610111 |
| 2 | 12,544,008 | Smart Watch | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/12544008 |

| | U.S. Patent No. | Title | Available At |
|---|---|---|---|
| 3 | 12,138,008 | Personal Monitoring Apparatus | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/12138008 |
| 4 | 9,775,520 | Wearable Personal Monitoring System | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/9775520 |
| 5 | 10,362,940 | Personal Emergency Response (PER) System | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/10362940 |
| 6 | 12,502,076 | Personal Monitoring Apparatus | USPTO.GOV, https://image-ppubs.uspto.gov/dirsearch-public/print/downloadPdf/12502076 |

2. Plaintiff seeks monetary damages and, as to U.S. Patent Nos. 10,610,111 and 12,544,008, injunctive relief. U.S. Patent Nos. 9,775,520, 10,362,940, 12,138,008 and 12,502,076 expired on June 30, 2026, and Plaintiff seeks past damages on those patents.

**PARTIES**

3. Plaintiff BT Wearables LLC is a limited liability company organized under the laws of the State of Texas, with a registered office located in Austin, Texas (Travis County).

4. BT Wearables is the owner of the Asserted Patents with all rights to recover for all past, present, and future infringement, including past damages.

5. On information and belief, Defendant Xiaomi Corporation is an exempted company incorporated under the laws of the Cayman Islands with limited liability, with its registered office c/o Maples Corporate Services Limited, PO Box 309, Ugland House, George Town, KY1-1104, Cayman Islands, and its principal place of business at Xiaomi Campus, Anningzhuang Road, Haidian District, Beijing 100085, People's Republic of China. Xiaomi Corporation's shares are listed on the Main Board of The Stock Exchange of Hong Kong Limited under stock codes 1810 and 81810.

6. On information and belief, Defendant Beijing Xiaomi Mobile Software Co., Ltd. is a company organized under the laws of the People's Republic of China, with its principal place of business at The Rainbow City Office Building, 68 Qinghe Middle Street, Haidian District, Beijing 100085, People's Republic of China, and is a subsidiary of Xiaomi Corporation. Beijing Xiaomi Mobile Software Co., Ltd. is identified as the developer of the Mi Fitness application distributed to users in the United States.

7. On information and belief, Defendant Xiaomi Communications Co., Ltd. is a company organized under the laws of the People's Republic of China, with its principal place of business at Xiaomi Office Building, 68 Qinghe Middle Street, Haidian District, Beijing 100085, People's Republic of China, and is a subsidiary of Xiaomi Corporation. Xiaomi Communications Co., Ltd. is identified in Xiaomi's published privacy policy as the entity responsible for personal information collected through Xiaomi products and services.

8. On information and belief, Defendant Xiaomi Inc. is a company organized under the laws of the People's Republic of China, with its principal place of business at Xiaomi Office Building, 68 Qinghe Middle Street, Haidian District, Beijing 100085, People's Republic of China, and is a subsidiary of Xiaomi Corporation.

9. On information and belief, Defendant Xiaomi H.K. Limited is a company incorporated under the laws of the Hong Kong Special Administrative Region of the People's Republic of China (company number 52191798), with its registered office at Suite 3209, 32/F, Tower 5, The Gateway, Harbour City, 15 Canton Road, Tsim Sha Tsui, Kowloon, Hong Kong SAR, China, and is a subsidiary of Xiaomi Corporation. Xiaomi H.K. Limited appears as the exporter of record, and in certain instances as the consignee of record, on shipments of Xiaomi consumer electronic products into the United States.

10. On information and belief, each Defendant is a foreign entity organized outside the United States and none is a resident of any judicial district of the United States.

## JURISDICTION AND VENUE

11. BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

12. This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–285, among others. This Court has subject matter jurisdiction of the action under 28 U.S.C. § 1331 and § 1338(a).

13. Venue is proper in this District as to each Defendant under 28 U.S.C. § 1391(c)(3) because each Defendant is not a resident of the United States and may be sued in any judicial district. *See In re HTC Corp.*, 889 F.3d 1349, 1353–57 (Fed. Cir. 2018).

14. Defendants are subject to this Court's personal jurisdiction consistent with the principles of due process and the Texas Long Arm Statute, Tex. Civ. Prac. & Rem. Code §§ 17.041, et seq.

15. Xiaomi, directly and through intermediaries including distributors, importers, and online retailers, makes, uses, sells, offers for sale, and imports the Accused Products into the United States and this District, derives substantial revenue from those acts, and places the Accused Products into the stream of commerce with the awareness and intention that they are sold, used, and offered for sale in the State of Texas and in this District. Xiaomi has sold Accused Products and intends to sell Accused Products in the State of Texas.

16. On information and belief, Xiaomi's products, including the Accused Products, are offered for sale and sold to consumers in this District through Amazon.com and through authorized distributors and resellers who import the Accused Products into the United States. Xiaomi markets

the Accused Products in English, prices them in United States dollars, and supports them through the Mi Fitness application distributed to users in the United States.

17. On information and belief, Xiaomi has imported the Accused Products and other Xiaomi consumer electronic products into the United States through ports including Miami, Florida; Newark, New Jersey; Long Beach, California; and San Juan, Puerto Rico.

18. Xiaomi has acknowledged in a sworn declaration filed in the United States that its revenue from the sale of products in the United States exceeded $300 million between 2016 and 2020. *See* Declaration of Bin Lin, *Xiaomi Corp. v. U.S. Dep't of Defense*, No. 1:21-cv-00280 (D.D.C.).

19. Xiaomi purposefully availed itself of the benefits of doing business in the State of Texas, and the exercise of jurisdiction over Xiaomi would not offend traditional notions of fair play and substantial justice.

**THE ACCUSED PRODUCTS**

20. BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

21. Based upon public information, Xiaomi makes, has made, uses, imports, sells, and offers for sale, and instructs its subsidiaries, affiliates, distributors, resellers, and end users to use, Xiaomi wrist-worn wearable devices and the systems in which they operate, including but not limited to the Xiaomi Watch 2 (M2320W1), Xiaomi Watch 2 Pro (M2234W1 and M2233W1), Xiaomi Watch S3 (M2323W1), Xiaomi Watch S4 (M2425W1), Xiaomi Watch S4 41mm (M2502W1), Mi Smart Band 6, Xiaomi Smart Band 7, Xiaomi Smart Band 9 (M2345B1), Xiaomi Smart Band 10 (M2457B1), and Redmi Watch 5 Active, together with the Mi Fitness application

and associated services and any other Xiaomi product having the same functionality identified in discovery (collectively, the "Accused Products").

22. The Accused Products are wrist-worn devices that include a housing adapted to be worn on the wrist, an accelerometer and other motion sensors, an optical heart rate sensor coupled to the back of the housing, a processor, a touch display, a microphone, and Bluetooth and additional wireless transceivers. Xiaomi publishes that the Accused Products monitor heart rate and blood oxygen saturation, detect falls and place emergency calls through a paired telephone, select and automatically detect predefined exercises, compute activity data and calories burned, receive voice commands, and transmit the data they capture through the Mi Fitness application to remote servers and to third-party health platforms.

23. BT Wearables has prepared element-by-element claim charts comparing the asserted claims of each of the Asserted Patents to the Accused Products. Those charts are not attached to this Complaint in order to limit the volume of material requiring translation and transmission under the Hague Convention. BT Wearables will provide the claim charts to any Defendant promptly upon that Defendant's written request, and in any event will serve infringement contentions in accordance with the Local Patent Rules of this Court.

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,610,111**

24. BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

25. The USPTO issued U.S. Patent No. 10,610,111 ("the '111 patent"), titled "Smart Watch," on April 7, 2020, after full and fair examination of Application No. 15/626,014, filed on June 16, 2017. See '111 patent at 1.

26. BT Wearables owns all rights, interest, and title in and to the ’111 patent, including the sole and exclusive right to prosecute this action and enforce the ’111 patent against infringers, and to collect damages for all relevant times.

27. The claims of the ’111 patent are not directed to an abstract idea. For example, claim 1 of the ’111 patent recites a system comprising a wearable appliance that monitors body parameters and includes a wrist-watch housing configured to be coupled to a wrist, a processor, an accelerometer to detect movement for fall detection, and an ECG sensor coupled to the back of the appliance or an optical sensor to detect a vital sign, together with a telephone having a positioning system and a remote computer coupled to the appliance through the telephone. The written description of the ’111 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of elements is distinguished from, and improves upon, the systems available at the time of the invention.

28. The Accused Products at issue in this Count are the Xiaomi Watch 2, Xiaomi Watch S3, Xiaomi Watch S4, and Xiaomi Watch S4 41mm, together with the Mi Fitness application and associated services, and any other Xiaomi product having the same functionality identified in discovery.

29. Xiaomi has directly infringed and continues to directly infringe the ’111 patent by making, having made, using, testing, importing, providing, supplying, distributing, selling, marketing, and offering for sale the Accused Products, either literally or under the doctrine of equivalents, including at least claim 1 of the ’111 patent.

30. For instance, as one example of infringement, the Accused Products comprise a wearable appliance monitoring one or more body parameters, the appliance including a wrist-

watch housing configured to be coupled to a wrist, a processor, an accelerometer to detect movement for fall detection, and an optical sensor to detect a vital sign; a telephone having a positioning system and wirelessly coupled to the wearable appliance; and a remote computer wirelessly coupled to the wearable appliance through the telephone. BT Wearables' element-by-element claim chart for claim 1 of the '111 patent will be provided upon written request as described above.

31. Since at least the time of receiving the original complaint in this action, Xiaomi has also indirectly infringed one or more claims of the '111 patent by inducing and contributing to the direct infringement of others, including its distributors, resellers, and end users. Xiaomi took active steps, with knowledge of the '111 patent and with knowledge that the induced acts constitute infringement, to cause those parties to use the Accused Products in an infringing manner, including by advertising and promoting the infringing functionality and by distributing user guides, support articles, and instructions directing users to use that functionality. The Accused Products have features specially designed for use in an infringing manner that are a material part of the claimed invention and that have no substantial non-infringing use.

32. BT Wearables and its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '111 patent.

33. BT Wearables has been damaged as a result of the infringing conduct by Xiaomi alleged above. Xiaomi is therefore liable to BT Wearables in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

34. BT Wearables has suffered irreparable harm, for which there is no adequate remedy at law, and will continue to suffer that harm by virtue of Xiaomi's infringement of the '111 patent unless that infringement is enjoined by this Court.

**COUNT II: INFRINGEMENT OF U.S. PATENT NO. 12,544,008**

35. BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

36. The USPTO issued U.S. Patent No. 12,544,008 ("the '544,008 patent"), titled "Smart Watch," on February 10, 2026, after full and fair examination of Application No. 16/781,972, filed on February 4, 2020. *See* '544,008 patent at 1.

37. BT Wearables owns all rights, interest, and title in and to the '544,008 patent, including the sole and exclusive right to prosecute this action and enforce the '544,008 patent against infringers, and to collect damages for all relevant times.

38. The claims of the '544,008 patent are not directed to an abstract idea. For example, claim 12 of the '544,008 patent recites a mobile system comprising a processor, a wireless area network transceiver and a wireless personal area network transceiver that communicate with a remote device, an accelerometer or motion sensor, a sensor that senses a body vital sign, a housing having a back side coupled to that sensor and adapted to contact a user, and a microphone, in which the processor transmits a voice command received by the microphone over the wireless personal area network to the remote device to initiate a phone call. The written description of the '544,008 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of elements is distinguished from, and improves upon, the systems available at the time of the invention.

39. The Accused Products at issue in this Count are the Xiaomi Watch 2, together with the Mi Fitness application and associated services, and any other Xiaomi product having the same functionality identified in discovery.

40. Xiaomi has directly infringed and continues to directly infringe the ’544,008 patent by making, having made, using, testing, importing, providing, supplying, distributing, selling, marketing, and offering for sale the Accused Products, either literally or under the doctrine of equivalents, including at least claim 12 of the ’544,008 patent.

41. For instance, as one example of infringement, the Accused Products comprise a processor; a wireless area network transceiver and a wireless personal area network transceiver coupled to the processor and adapted to communicate with a remote device, where the processor is coupled to the remote device over the wireless personal area network to perform speech processing; an accelerometer or motion sensor; a sensor to sense a body vital sign; a housing having a back side coupled to the sensor and adapted to contact a user; and a microphone, wherein the processor transmits with the wireless personal area network transceiver a voice command received by the microphone to the remote device to initiate a phone call based on the voice command. BT Wearables’ element-by-element claim chart for claim 12 of the ’544,008 patent will be provided upon written request as described above.

42. Since at least the time of receiving the original complaint in this action, Xiaomi has also indirectly infringed one or more claims of the ’544,008 patent by inducing and contributing to the direct infringement of others, including its distributors, resellers, and end users. Xiaomi took active steps, with knowledge of the ’544,008 patent and with knowledge that the induced acts constitute infringement, to cause those parties to use the Accused Products in an infringing manner, including by advertising and promoting the infringing functionality and by distributing user guides,

support articles, and instructions directing users to use that functionality. The Accused Products have features specially designed for use in an infringing manner that are a material part of the claimed invention and that have no substantial non-infringing use.

43. BT Wearables and its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’544,008 patent.

44. BT Wearables has been damaged as a result of the infringing conduct by Xiaomi alleged above. Xiaomi is therefore liable to BT Wearables in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

45. BT Wearables has suffered irreparable harm, for which there is no adequate remedy at law, and will continue to suffer that harm by virtue of Xiaomi’s infringement of the ’544,008 patent unless that infringement is enjoined by this Court.

**COUNT III: INFRINGEMENT OF U.S. PATENT NO. 12,138,008**

46. BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

47. The USPTO issued U.S. Patent No. 12,138,008 (“the ’138,008 patent”), titled “Personal Monitoring Apparatus,” on November 12, 2024, after full and fair examination of Application No. 18/534,450, filed on December 8, 2023. *See* ’138,008 patent at 1.

48. BT Wearables owns all rights, interest, and title in and to the ’138,008 patent, including the sole and exclusive right to prosecute this action and enforce the ’138,008 patent against infringers, and to collect damages for all relevant times.

49. The claims of the ’138,008 patent are not directed to an abstract idea. For example, claim 1 of the ’138,008 patent recites a system comprising a wearable monitoring apparatus with a wrist-worn housing, a first wireless transceiver that communicates by Bluetooth, a second wireless transceiver that communicates by a different protocol, a heart rate sensor, and a processor, together with a mobile device having a third transceiver and a software application that displays the heart rate data. The written description of the ’138,008 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of elements is distinguished from, and improves upon, the systems available at the time of the invention.

50. The Accused Products at issue in this Count are the Xiaomi Watch 2, Xiaomi Watch 2 Pro, and Xiaomi Watch S1, together with the Mi Fitness application and associated services, and any other Xiaomi product having the same functionality identified in discovery.

51. Xiaomi directly infringed the ’138,008 patent by making, having made, using, testing, importing, providing, supplying, distributing, selling, marketing, and offering for sale the Accused Products, either literally or under the doctrine of equivalents, including at least claim 1 of the ’138,008 patent.

52. For instance, as one example of infringement, the Accused Products comprise a wearable monitoring apparatus including a housing adapted to be worn by a person on a wrist, a first wireless transceiver disposed in the housing for communicating according to a Bluetooth communication protocol, a second wireless transceiver disposed in the housing for communicating according to a second wireless communication protocol different from the Bluetooth protocol, a heart rate sensor disposed on the housing, and a processor disposed in the housing; and a mobile device including a third wireless transceiver and a software application for displaying data

provided by the heart rate sensor. BT Wearables' element-by-element claim chart for claim 1 of the '138,008 patent will be provided upon written request as described above.

53. BT Wearables and its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '138,008 patent.

54. BT Wearables has been damaged as a result of the infringing conduct by Xiaomi alleged above. Xiaomi is therefore liable to BT Wearables in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT IV: INFRINGEMENT OF U.S. PATENT NO. 9,775,520**

55. BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

56. The USPTO issued U.S. Patent No. 9,775,520 ("the '520 patent"), titled "Wearable Personal Monitoring System," on October 3, 2017, after full and fair examination of Application No. 14/931,002, filed on November 3, 2015. *See* '520 patent at 1.

57. BT Wearables owns all rights, interest, and title in and to the '520 patent, including the sole and exclusive right to prosecute this action and enforce the '520 patent against infringers, and to collect damages for all relevant times.

58. The claims of the '520 patent are not directed to an abstract idea. For example, claim 1 of the '520 patent recites a wearable monitoring apparatus comprising a wrist-worn housing, an accelerometer, a radio frequency transceiver, and a processor that analyzes accelerometer signals to determine whether they indicate a predefined exercise, computes calories burned from those signals and the predefined exercise, and transmits the calories burned to a remote device. The

written description of the ’520 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of elements is distinguished from, and improves upon, the systems available at the time of the invention.

59. The Accused Products at issue in this Count are the Xiaomi Smart Band 7, Xiaomi Smart Band 10, Xiaomi Smart Band 9, Xiaomi Smart Band 6, Xiaomi Watch 2, Xiaomi Watch S3, Xiaomi Watch S4 41mm, Xiaomi Watch S4, Redmi Watch 5 Active, and Xiaomi Smart Band 9 Active, together with the Mi Fitness application and associated services, and any other Xiaomi product having the same functionality identified in discovery.

60. Xiaomi directly infringed the ’520 patent by making, having made, using, testing, importing, providing, supplying, distributing, selling, marketing, and offering for sale the Accused Products, either literally or under the doctrine of equivalents, including at least claim 1 of the ’520 patent.

61. For instance, as one example of infringement, the Accused Products comprise a housing adapted to be worn by a person on a wrist; an accelerometer disposed in the housing; a radio frequency transceiver disposed in the housing; and a processor disposed in the housing, wherein the processor analyzes signals from the accelerometer to determine whether the signals are indicative of a predefined exercise of the person, computes calories burned by the person based on the signals from the accelerometer and the predefined exercise, and transmits the calories burned to a remote device via the radio frequency transceiver. BT Wearables’ element-by-element claim chart for claim 1 of the ’520 patent will be provided upon written request as described above.

62. BT Wearables and its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’520 patent.

63. BT Wearables has been damaged as a result of the infringing conduct by Xiaomi alleged above. Xiaomi is therefore liable to BT Wearables in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT V: INFRINGEMENT OF U.S. PATENT NO. 10,362,940**

64. BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

65. The USPTO issued U.S. Patent No. 10,362,940 (“the ’940 patent”), titled “Personal Emergency Response (PER) System,” on July 30, 2019, after full and fair examination of Application No. 15/684,670, filed on August 23, 2017. *See* ’940 patent at 1.

66. BT Wearables owns all rights, interest, and title in and to the ’940 patent, including the sole and exclusive right to prosecute this action and enforce the ’940 patent against infringers, and to collect damages for all relevant times.

67. The claims of the ’940 patent are not directed to an abstract idea. For example, claim 1 of the ’940 patent recites a wearable monitoring apparatus comprising a wrist-worn housing, an accelerometer, a processor, and a user input device adapted for selecting a predefined exercise, in which the processor computes activity data for the selected exercise from the accelerometer signals. The written description of the ’940 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how

the non-conventional and non-generic combination of elements is distinguished from, and improves upon, the systems available at the time of the invention.

68. The Accused Products at issue in this Count are the Xiaomi Smart Band 10, Xiaomi Smart Band 9, Xiaomi Smart Band 7, Xiaomi Smart Band 6, Xiaomi Watch 2, Xiaomi Watch S3, Xiaomi Watch S4 41mm, Xiaomi Watch S4, Redmi Watch 5 Active, and Xiaomi Smart Band 9 Active, together with the Mi Fitness application and associated services, and any other Xiaomi product having the same functionality identified in discovery.

69. Xiaomi directly infringed the ’940 patent by making, having made, using, testing, importing, providing, supplying, distributing, selling, marketing, and offering for sale the Accused Products, either literally or under the doctrine of equivalents, including at least claim 1 of the ’940 patent.

70. For instance, as one example of infringement, the Accused Products comprise a housing adapted to be worn by a person on a wrist; an accelerometer disposed in the housing; a processor disposed in the housing; and a user input device disposed on the housing, wherein the user input device is adapted for selecting a predefined exercise, and wherein the processor computes activity data for the selected predefined exercise based on signals from the accelerometer. BT Wearables’ element-by-element claim chart for claim 1 of the ’940 patent will be provided upon written request as described above.

71. BT Wearables and its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’940 patent.

72. BT Wearables has been damaged as a result of the infringing conduct by Xiaomi alleged above. Xiaomi is therefore liable to BT Wearables in an amount that compensates it for

such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT VI: INFRINGEMENT OF U.S. PATENT NO. 12,502,076**

73. BT Wearables repeats and re-alleges the allegations in the Paragraphs above as though fully set forth in their entirety.

74. The USPTO issued U.S. Patent No. 12,502,076 (“the ’076 patent”), titled “Personal Monitoring Apparatus,” on December 23, 2025, after full and fair examination of Application No. 18/924,393, filed on October 23, 2024. *See* ’076 patent at 1.

75. BT Wearables owns all rights, interest, and title in and to the ’076 patent, including the sole and exclusive right to prosecute this action and enforce the ’076 patent against infringers, and to collect damages for all relevant times.

76. The claims of the ’076 patent are not directed to an abstract idea. For example, claim 1 of the ’076 patent recites a wearable monitoring apparatus comprising a wrist-worn housing, a first wireless transceiver that communicates by Bluetooth, a second wireless transceiver that communicates by a different protocol, and a processor configured to execute a voice recognizer that converts a user’s voice signal into a data signal that the processor transmits to a mobile device. The written description of the ’076 patent describes in technical detail each of the limitations of the claims, allowing a skilled artisan to understand the scope of the claims and how the non-conventional and non-generic combination of elements is distinguished from, and improves upon, the systems available at the time of the invention.

77. The Accused Products at issue in this Count are the Xiaomi Watch 2, together with the Mi Fitness application and associated services, and any other Xiaomi product having the same functionality identified in discovery.

78. Xiaomi directly infringed the ’076 patent by making, having made, using, testing, importing, providing, supplying, distributing, selling, marketing, and offering for sale the Accused Products, either literally or under the doctrine of equivalents, including at least claim 1 of the ’076 patent.

79. For instance, as one example of infringement, the Accused Products comprise a housing adapted to be worn by a person on a wrist; a first wireless transceiver disposed in the housing for communicating according to a Bluetooth communication protocol; a second wireless transceiver disposed in the housing for communicating according to a second wireless communication protocol different from the Bluetooth protocol; and a processor disposed in the housing configured to execute a voice recognizer, wherein the voice recognizer receives a voice signal from a user and converts it into a data signal, and wherein the processor transmits the data signal using the first wireless transceiver to a third wireless transceiver disposed in a mobile device. BT Wearables’ element-by-element claim chart for claim 1 of the ’076 patent will be provided upon written request as described above.

80. BT Wearables and its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the ’076 patent.

81. BT Wearables has been damaged as a result of the infringing conduct by Xiaomi alleged above. Xiaomi is therefore liable to BT Wearables in an amount that compensates it for such infringement, which by law cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**JURY DEMAND**

82. Plaintiff hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

83. WHEREFORE, BT Wearables requests that the Court find in its favor and against Xiaomi, and that the Court grant BT Wearables the following relief:

a. Judgment that one or more claims of each of the Asserted Patents has been infringed, either literally or under the doctrine of equivalents, by Xiaomi or all others acting in concert therewith;

b. A permanent injunction enjoining Xiaomi and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of U.S. Patent Nos. 10,610,111 and 12,544,008;

c. Judgment that Xiaomi account for and pay to BT Wearables all damages to and costs incurred by BT Wearables because of Xiaomi's infringing activities and other conduct complained of herein;

d. Pre-judgment and post-judgment interest on the damages caused by Xiaomi's infringing activities and other conduct complained of herein;

e. That this Court declare this an exceptional case and award BT Wearables its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and

f. All other and further relief as the Court may deem just and proper under the circumstances.

Dated: October 9, 2026

Respectfully submitted,

By: */s/ James F. McDonough, III*

James F. McDonough, III (GA 117088)
**ROZIER HARDT MCDONOUGH PLLC**
659 Auburn Avenue NE, Unit 254
Atlanta, Georgia 30312
Telephone: (404) 564-1866
Email: jim@rhmtrial.com

C. Matthew Rozier (CO 46854)
**ROZIER HARDT MCDONOUGH PLLC**
1500 K Street, 2nd Floor
Washington, District of Columbia 20005
Telephone: (404) 779-5305; (202) 316-1591
Email: matt@rhmtrial.com

Jonathan Hardt (TX 24039906)
**ROZIER HARDT MCDONOUGH PLLC**
712 W. 14th Street, Suite A
Austin, Texas 78701
Telephone: (210) 289-7541
Email: hardt@rhmtrial.com

***Attorneys for Plaintiff BT WEARABLES LLC***